<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TONI FLY, | CIV. NO. 20-13962 (RMB-AMD) |
|     Plaintiff | |
| v. | **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, et al., | |
|     Defendants | |

This matter comes before the Court upon Plaintiff Toni Fly's prisoner civil rights complaint (Compl., Dkt. No. 5), transferred to this Court from the United States District Court, Southern District of Illinois. (Transfer Order, Dkt. No. 9.) Plaintiff is a transgender prisoner who was incarcerated in the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton") at the time of the incidents that gave rise to this action. Plaintiff has now been transferred to the Federal Correctional Institution in Pekin, Illinois ("FCI Pekin").

Plaintiff has not paid the $350 filing fee and the $52 administrative fee for a civil action,[1] and Plaintiff's application to proceed without prepayment of fees ("*in forma pauperis*" or "IFP App," Dkt. No. 6) under 28 U.S.C. § 1915(a), does not contain the

---

[1] <u>See</u> 28 U.S.C. § 1914(a).

statutorily required certified prisoner trust account statement. The Court acknowledges that Plaintiff submitted a certification, under penalty of perjury, stating that she asked her unit team to provide the necessary certification and account statement but was refused, and Plaintiff submitted a receipt establishing that her account balance on August 5, 2020 was $.02. (IFP App., Dkt. No. 6 at 4-5.) The Court will instruct the Clerk to send Plaintiff a new IFP application, to be completed by Plaintiff and certified by the proper prison official at FCI Pekin.

Plaintiff has also submitted a series of affidavits (Dkt. Nos. 10, 12, 13, 14, 16), applications to file an amended complaint (Dkt. Nos. 17, 18,) and an amended complaint. (Dkt. No. 18-1.) The amended complaint is in the form of a handwritten letter that is difficult to read and does not appear to contain all of the allegations against all of the defendants, but rather only new claims that Plaintiff wishes to assert. "[An] amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'" W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank, 712 F.3d 165, 171 (3d Cir. 2013) (quoting New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1504 (3d Cir.1996) (quoting Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985)). Plaintiff should submit a

second amended complaint that contains all claims against all defendants at FCI Fairton. Plaintiff may also wish to bring a separate complaint arising out of her new allegations that arose after Plaintiff was transferred to FCI Pekin in Illinois. See Federal Rule of Civil Procedure 20(a)(2) (permissive joinder of parties; 28 U.S.C. § 1404(a) (transfer of venue). For the Court's ease of reading and comprehending the second amended complaint, Plaintiff should use the Court's prisoner civil rights complaint form, which the Court will enclose with this Order.

The Court will administratively terminate this action, subject to reopening. See Local Civil Rule 54.3(a) (requiring payment of any filing fee prescribed by statute or by the Judicial Conference prior to filing any suit.) If Plaintiff chooses to reopen this action, Plaintiff should be advised that when a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, or brings a claim based on prison conditions, 28 U.S.C. §§ 1915(e)(2)(B) 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek

3

monetary relief against a defendant who is immune from such relief.[2]

Plaintiff should be advised that the United States, United States agencies, and United States employees sued in their official capacities for money damages have sovereign immunity from suit. See e.g. FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (federal agency immune from Bivens action); see Vanderklok v. United States, 868 F.3d 189, 201 (3d Cir. 2017) ("If the United States is sued in tort, or once the United States substitutes itself as a defendant in a tort case, the FTCA provides the exclusive avenue to relief, if any can be had"); see Lewal v. Ali, 289 F. App'x 515, 516 (3d Cir. 2008) ("An action against government officials in their official capacities constitutes an action against the United States; and Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver) (citations omitted); see Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

Constitution.") To avoid dismissal of certain claims or defendants in a second amended complaint, Plaintiff should be cognizant of these cases governing sovereign immunity.

**IT IS** therefore on this **7th day of December 2020**,

**ORDERED** that the Clerk of the Court shall administratively terminate this case without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, Dasilva v. Sheriff's Dept., 413 F. App'x 498, 502 (3rd Cir. 2011) ("[the] statute of limitations is met when a complaint is submitted to the clerk before the statute runs …"); and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff a blank form "Affidavit of Poverty and Account Certification (Civil Rights)" DNJ-Pro Se-007-A-(Rev.05/2013) and a blank form "Prisoner Civil Rights Complaint"; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, she shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application or (2)

5

the $402.00 filing and administrative fees; and (3) a second amended complaint; it is further

**ORDERED** that if Plaintiff does not submit a complete, signed *in forma pauperis* application or the $402.00 filing and administrative fee and her second amended complaint within 30 days of the date of this Order, this action is dismissed without prejudice to Plaintiff filing a new action; upon such dismissal, however, any new action will be subject to a new filing fee or IFP application, and will be subject to the appropriate statute(s) of limitations at the time of filing; see Bricker v. Turner, 396 F. App'x 804, 804 n. 1 (per curiam) (3d Cir. 2010) (affirming district court's order dismissing civil rights action without prejudice as a sanction for failure to obey a court order or for failure to diligently prosecute); and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that she wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees, and a second amended complaint, within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
